IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS EDWARD VEASEY, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | Civil Action No. 16-cv-4151 |
| | : | |
| UNITED STATES; | : | |
| CAROL ROANE, Assistant Director, | : | |
| Philadelphia VAROIC; | : | |
| MICHAEL SHAPIRO, M.D., | : | |
| Hospital Administrator; | : | |
| DR. Guylai, M.D., Psy Behavioral | : | |
| Restrictions Committee Chairman; | : | |
| TIMOTHY KELLY, Patient Advocate, | : | |
| VAMC/VAROIC; | : | |
| JEFFREY KAUFMAN, Chief; | : | |
| LISA CATES, Captain, VA Police Dept. | : | |
| | : | |
| Respondents | : | |

## DEFENDANTS' ANSWER

Federal defendants by and through their attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Susan R. Becker, Assistant United States Attorney, hereby answers plaintiff's petition for writ of mandamus as follows[1]:

1. "Notes-Jurisdiction": The averments set forth in paragraph 1 of the complaint state conclusions of law to which no response is required. To the extent a response is required, federal defendants deny the allegations contained in paragraph 1.

2. The averments set forth in paragraph 2 of the complaint state conclusions of law to which no response is required. To the extent a response is required, federal defendants deny

---

[1] Plaintiff's petition contains 13 unnumbered paragraphs. For ease of reference, defendants present their answer in numbered paragraphs.

1

the allegations contained in paragraph 2 for lack of knowledge regarding the truth of any facts stated in the motion for leave to file *in forma pauperis* and any attached exhibits.

    3.    The averments set forth in paragraph 3 of the complaint state conclusions of law to which no response is required. To the extent a response is required, federal defendants deny the allegations contained in paragraph 3.

    4.    The averments set forth in paragraph 4 of the complaint state conclusions of law to which no response is required. To the extent a response is required, federal defendants deny the allegations contained in paragraph 4, except admit that federal defendants required plaintiff to be accompanied by an armed security guard at the Philadelphia Regional Office.

    5.    The averments set forth in paragraph 5 of the complaint state conclusions of law to which no response is required. To the extent a response is required, federal defendants deny the allegations contained in paragraph 5, except admit that federal defendants required plaintiff to be accompanied by an armed security guard at the Philadelphia Regional Office.

    6.    The averments set forth in paragraph 6 of the complaint state conclusions of law to which no response is required. To the extent a response is required, federal defendants deny the allegations contained in paragraph 6, except admit that a patient behavioral flag was placed on Veasey's medical record requiring the VA police to accompany him while he was at the Corporal Michael J. Crescenz VAMC, 3900 Woodland Avenue, Philadelphia, PA.

    7.    The averments set forth in paragraph 7 of the complaint state conclusions of law to which no response is required. To the extent a response is required, federal defendants deny the allegations contained in paragraph 7, except admit that Veasey mailed notices of disagreement to both the VBA and VAMC. By way of further answer, the first notice of

disagreement received by the Regional office was received on July 1, 2015 and the next notice of disagreement to the Regional Office was received in December 2015.

8. Federal defendants deny the allegations contained in paragraph 8, except admit that the Regional office received the notice of disagreement on December 9, 2015.

9. The averments set forth in paragraph 9 of the complaint state conclusions of law to which no response is required. To the extent a response is required, federal defendants deny the allegations contained in paragraph 9, except admit that federal defendants required plaintiff to be accompanied by an armed security guard at the Philadelphia Regional Office.

10. The averments set forth in paragraph 10 of the complaint state conclusions of law to which no response is required. To the extent a response is required, federal defendants deny the allegations contained in paragraph 10.

11. Denied as stated. By way of further answer, federal defendants admit that the Regional Office received another notice of disagreement in July 2016, but deny that the VA Medical Center received a similar notice of disagreement.

12. The averments set forth in paragraph 12 of the complaint state conclusions of law to which no response is required. To the extent a response is required, federal defendants deny the allegations contained in paragraph 12.

13. The averments set forth in paragraph 13 of the complaint contain plaintiff's prayer for relief, to which no response is required. To the extent a response is required, federal defendants deny the allegations contained in paragraph 13.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants have, at all times relevant to this case, acted in a proper manner, in accordance with laws, rules, and regulations, and have afforded plaintiff with all due process to which he is entitled in accordance with those laws, rules, and regulations.

### SECOND AFFIRMATIVE DEFENSE

The administrative decisions were properly issued, supported by substantial evidence in the record, and comported with all applicable laws, rules, and regulations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief that he seeks.

### FIFTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction because the case is not suitable for a mandamus action. Plaintiff's claims are based on the agency's March 18, 2015 decision, which remains in effect for a two-year period.

### SIXTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction because the case is not ripe for review.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies, as he did not follow the appeal process set forth in the March 18, 2015 agency decision.

## **CONCLUSION**

WHEREFORE, Defendant requests that judgment be entered in favor of defendants, together with their costs and such other and further relief as the Court deems just and appropriate in this case.

                                  Respectfully submitted,

                                  ZANE DAVID MEMEGER
                                United States Attorney

                                /s/ Margaret L. Hutchinson
                                MARGARET L. HUTCHINSON
                                Assistant United States Attorney
                                Chief, Civil Division

Dated: 10/11/16                 /s/ Susan R. Becker
                                SUSAN R. BECKER
                                Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a copy of the foregoing Defendants' Answer to be served by first class mail, postage prepaid, upon:

> Francis Edward Veasey
> PO Box 54603
> Philadelphia, PA 19148

Dated: 10/11/16

_Susan R. Becker_
SUSAN R. BECKER
Assistant United States Attorney