IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS EDWARD VEASY** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA;** | : | |
| **CAROL ROANE**, Assistant Director, | : | |
| Philadelphia VAROIC; | : | **CIVIL ACTION** |
| **MICHAEL SHAPIRO, M.D.**, Hospital | : | No. 16-4151 |
| Administrator; | : | |
| **DR. GUYLAI, M.D.**, Psy. Behavioral | : | |
| Restrictions Committee Chairman; | : | |
| **TIMOTHNY KELLY**, Patient Advocate, | : | |
| VAMC/VAROIC; | : | |
| **JEFFREY KAUFMAN**, Chief, VA Police Dept.; | : | |
| **LISA CATES**, Captain, VA Police Dept.; | : | |
| Respondents. | : | |

**MCHUGH, J.**                                                                         February 9, 2017

**<u>MEMORANDUM</u>**

### I.    BACKGROUND

Petitioner Francis Edward Veasy is a retired U.S. Army veteran who receives medical care at the Corporal Michael J. Crescenz Medical Center in Philadelphia (Crescenz Medical Center). In response to a March 12, 2015 incident involving Petitioner and one of his doctors, the Disruptive Behavior Committee at the Crescenz Medical Center imposed on Petitioner an Order of Behavioral Restriction (OBR).[1] The OBR—which was dated March 18, 2015 and

---

[1] The government refers both to an Order of Behavioral Restriction (OBR) and a Patient Record Flag (PRF). It is unclear whether the care restrictions that led to this dispute are mandated by the OBR, the PRF, or both, or whether those terms are used interchangeably. For the sake of

which remains in effect[2]—requires that Petitioner check in with security personnel when he arrives at the Crescenz Medical Center for non-emergency treatment, and that he be accompanied by a police escort when moving through the facility.

Through a series of letters, Petitioner notified the Veterans Administration (VA) of his objections to the OBR.  The VA took no action in response to these letters and Petitioner now seeks a writ of mandamus to compel the VA to hold a hearing where he can formally contest his OBR.  Before me is the government's Motion for Summary Judgment.  For the reasons detailed below, this motion is granted and Petitioner's claim is dismissed.

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  On such a motion, "'[a]ll reasonable inferences from the record must be drawn in favor of the nonmoving party' and the court 'may not weigh the evidence or assess credibility.'" *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (alteration in original) (citation omitted).  But if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," there is no genuine issue of any material fact and the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

---

brevity, I use "OBR" throughout to refer to the requirement that Petitioner check in with VA security personnel and be accompanied by a police escort while in the Crescenz Medical Center.

[2] The OBR will remain in effect for two years and is set to expire on March 18, 2017, at which point the Disruptive Behavior Committee will determine whether the restrictions should remain in place.

### III.  DISCUSSION

Petitioner brings this action pursuant to the Mandamus Act, 28 U.S.C. § 1361, which provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Petitioner is entitled to relief under the Mandamus Act "only if he has exhausted all other avenues of relief and only if the defendant owes him a clear, nondiscretionary duty." *Harmon Cove Condo. Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987) (quoting *Heckler v. Ringer,* 466 U.S. 602, 616 (1984)).  Furthermore, the nondiscretionary duty in question must be "a specific, plain ministerial act devoid of the exercise of judgment or discretion.  An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt." *Id*.

Because Petitioner has failed to exhaust his administrative remedies, and because the government has no "clear, non-discretionary duty" to conduct the hearing he seeks, his action under the Mandamus Act fails.

### A.  Failure to Exhaust Administrative Remedies and Lack of Ministerial Duty

The regulations governing the issuance of an OBR are set forth at 38 C.F.R. § 17.107.  That section allows the VA to restrict the "time, place, and/or manner" of medical care that it provides to patients whose disruptive behavior "could jeopardize the health or safety of other patients, VA staff, or guests . . ., or otherwise interfere with the delivery of safe medical care to another patient at the facility." § 17.107(b).  The regulations expressly permit several restrictive measures, including "requiring police escort," so long as those restrictions are "narrowly tailored to address the patient's disruptive behavior and avoid undue interference with the patient's care."

*Id.* Of particular relevance to this case, § 17.107(e) allows a patient to "request . . . review of any order issued under this section within 30 days of the effective date of the order by submitting a written request to the Chief of Staff."

Petitioner was clearly apprised of his right to request review and of the procedures for exercising that right. During a meeting at the Cresncenz Medical Center on March 20, 2015, Petitioner received a three-page letter notifying him of the OBR and explaining that it was imposed. That letter advised Petitioner that:

> If you wish to appeal these restrictions, you have 30 days from the date of this letter to do so. You may appeal by sending a letter to the following address:
>
> [Address of the Chief of Staff, Philadelphia VA Medical Center]
>
> In your letter you should state that you disagree with the restrictions and why you disagree with the restrictions.

MSJ Ex. K. Moreover, Petitioner's attention was directed to this section of the letter when, during the March 20, 2015 meeting, he announced his intention to contest the OBR.

Nevertheless, Petitioner failed to follow the prescribed procedures for requesting review. Although he sent several letters to the VA objecting to the police escort requirement, he either failed to send them to the appropriate decision-maker (the Chief of Staff), failed to send them within the allotted 30 days, or both. The first such letter that appears in the record was dated May 9, 2015, and was not received by the VA until May 15, 2015, nearly a month after the 30-day deadline had passed. And while Petitioner claims that he sent a letter disputing the OBR on March 27, 2015, there is no copy of that letter in the record, and in any case Petitioner apparently admits that he did not send that letter to the Chief of Staff, as required.

Petitioner's failure to abide by the procedures for requesting review constitutes a failure to exhaust his administrative remedies. While this alone dooms his claim for relief under the

4

Mandamus Act, his claim also fails because 38 C.F.R. § 17.107 imposes no clear, non-discretionary duty to conduct the hearing that Petitioner seeks to compel.  Rather, the regulations at issue here only require that the Chief of Staff forward any timely requests for review to the Network Director, who must then issue a final decision within 30 days.  § 17.107(e).  In other words, the regulation does not even mention, let alone "positively command[] and . . . plainly prescribe[]," a hearing.  *Marsh*, 815 F.2d at 951.

### B.  Petitioner's Right to a Hearing under 38 U.S.C. § 7105

In his response to the government's Motion for Summary Judgment, Petitioner does not dispute his failure to abide by the procedural requirements set forth at 38 C.F.R. § 17.107. Instead, he argues that the government's reliance on these regulatory provisions is misplaced because his claim does not rest on the right to request review pursuant to 38 C.F.R. § 17.107. Rather, Petitioner maintains that his claim is based on 38 U.S.C. § 7105, which provides a right to a hearing before the Board of Veterans' Appeals for certain parties who challenge within one year a decision of the Secretary of Veterans Affairs.

This procedural right is not without limitation, however.  The jurisdiction of the Board of Veterans' Appeals extends only to "questions in a matter which under section 511(a) of this title is subject to decision by the Secretary."  38 U.S.C. § 7104.  Section 511(a), in turn, provides that:

> The Secretary shall decide all questions of law and fact necessary to *a decision by the Secretary under a law that affects the provision of benefits* by the Secretary to veterans or the dependents or survivors of veterans.

38 U.S.C § 511 (emphasis added).  Petitioner's right to a hearing before the Board of Veterans' Appeals therefore comes down to whether the issuance of an OBR was a "decision . . . that

affects the provision of benefits"—in short, a "benefits decision"—within the purview of the Board's appellate jurisdiction.

The only legal authority that directly addresses this issue is the Northern District of California's decision in *Johnson v. United States*, No. C-13-2405 EMC, 2013 WL 6502818 (N.D. Cal. Dec. 11, 2013).  There, the court held that the issuance of an OBR mandating a police escort was not a benefits decision within the meaning of § 511 because it could not "deprive or limit the substantive benefits to which [the plaintiff] was entitled." *Id.* at *9.  To reach this conclusion on a matter of first impression, the *Johnson* court looked to opinions examining whether decisions by the Secretary pursuant to 38 U.S.C. § 5904(b) and 38 U.S.C. § 5502 constituted benefits decisions.  The former provision relates to the suspension of attorneys from practice before the VA, the latter to the appointment of fiduciaries to receive benefits on behalf of veterans.

> The Federal Circuit has held that Section 5904(b) is not a "law that affects the provision of benefits," because the "relationship between the canceling of [an attorney] and the securing of benefits by his clients is far too attenuated." *Bates v. Nicholson,* 398 F.3d 1355, 1359 (Fed.Cir.2005).  On the other hand, courts have held that the Secretary's appointment of a fiduciary to receive benefits on behalf of a beneficiary is a benefits decision.  *See Judkins v. Veterans Admin.,*415 F.Supp.2d 613, 619–620 (E.D.N.C.2005); *Ramnarain v. U.S. Veterans Admin.,* 2012 WL 1041664 at *2–*3 (E.D.N.Y. Mar. 28, 2012).  Thus, a decision which only incidentally affects benefits in a collateral manner does not fall within the purview of Section 511, whereas a decision which directly affects the handling and receipt of benefits does.

*Id.*  In applying this analytical framework, the *Johnson* court stressed that 38 C.F.R. § 17.107 prohibited the VA from issuing OBRs that deprived patients of "the full range of needed medical care to which [they are] eligible." *Id.* (quoting 38 C.F.R. § 17.107).  According to the court, because the police escort requirement could not legally diminish the plaintiff's benefit

6

entitlement, the decision imposing that restriction necessarily escaped classification as a benefits decision.

*Johnson* is a thorough and well-reasoned opinion, and I follow it in the present case, which concerns a similar OBR implemented pursuant to the same set of regulations. Because the VA's imposition of a police escort requirement is not a "benefits decision," Petitioner is not entitled to challenge it in a hearing before the Board of Veterans' Appeals. His attempt to compel a hearing based on 38 U.S.C. § 7105 therefore fails.

### IV.     CONCLUSION

The government's Motion for Summary Judgment is granted and Petitioner's claims are dismissed. An appropriate Order follows.

      /s/ Gerald Austin McHugh
United States District Judge